IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CIBC Bank USA f/k/a The PrivateBank and Trust Company, as Administrative Agent to all Lenders,<br><br>      Plaintiff,<br><br>    v.<br><br>JH Portfolio Debt Equities, LLC; JH Portfolio Debt Equities 2, LLC; JH Portfolio Debt Equities 4, LLC; and JH Reviver LLC,<br><br>      Defendants. | Civil Action No. 18-cv-03964<br><br>Judge John Z. Lee |

**PLAINTIFF'S MOTION FOR RECEIVER TO TURN OVER EXCESS FUNDS TO PLAINTIFF TO BE APPLIED TO REDUCE THE OUTSTANDING DEBT**

Plaintiff, CIBC Bank USA f/k/a The PrivateBank and Trust Company, as Administrative Agent to the Lenders ("Plaintiff"), with the agreement of Ronald F. Greenspan, not individually, but solely as the receiver ("Receiver"), moves this Court for an order permitting the Receiver to turn over excess funds from the Receiver's account to Plaintiff on a monthly basis to be applied to reduce the outstanding debt owed by Defendants to Plaintiff. In support of its motion, Plaintiff states as follows:

1. On February 8, 2019, the Court entered the Stipulated Order for Immediate Appointment of Receiver ("Receivership Order") appointing the Receiver to be the receiver over the Receivership Property.[1] (Dkt. No. 91.)

2. The subject loan is in default. Defendants jointly and severally owe Plaintiff at least $179,594,076.70 as of March 1, 2019, plus accrued and accruing interest, attorneys' fees and costs, and any subsequent advances incurred by Plaintiff as a result of Defendants' defaults.

---

[1] Undefined terms used herein are defined as in the Receivership Order.

3. As of the morning of March 18, 2019, the Receiver was holding $6,412,676.42 across his three designated receivership accounts ("Accounts"). The Receiver has further advised Plaintiff that he believes that he should maintain a $2,500,000 reserve in his accounts (the "Reserve Amount") in order to insure proper preservation and maintenance of the Receivership Property. The Receiver believes the Reserve Amount is sufficient to properly preserve and maintain the Receivership Property, but reserves the right to adjust the Reserve Amount in his discretion and without further order of the Court, but only with the consent of Plaintiff which consent may not be unreasonably withheld. The Receiver expects that ordinary receipts from the Receivership Property will generally cover the expenses of the Receivership; however, in the event of an interruption of such funds, the Reserve Amount will enable him to cover the Receivership expenses and fees on a temporary basis, as well as the cost of preserving and maintaining the Receivership Property without the need of additional advances from Plaintiff. The Reserve Amount will be revised upward or downward after Plaintiff's review and approval of a budget, including a reasonable contingency, provided by the Receiver.

4. Accordingly, Plaintiff hereby requests that this Court enter an order authorizing the Receiver to turn over to Plaintiff, on a monthly basis on or before the last business day of each month and continuing monthly until further order of court, the book balance of the Receiver Accounts (that is, all funds the Receiver has in the Accounts as of the last business day of the applicable month less all outstanding checks) that are in in excess of the Reserve Amount.[2]

5. Plaintiff further requests that it be authorized to apply the funds it receives from the Receiver against the debt secured by the Plaintiff's Collateral.

6. The Receiver has no objection to this motion.

---

[2] Plaintiff requests that the initial distribution of excess collateral take place within two business days of the entry of the Court's order on the instant motion.

WHEREFORE, Plaintiff and the Receiver request that the Court enter an order: (1) authorizing the Receiver to distribute the net book balance of the funds held in the Accounts in excess of the Reserve Amount to Plaintiff within two business days of the entry of this Order, which funds shall be credited against the amounts due and owing by Defendants to Plaintiff; (2) authorizing the Receiver to distribute the net book balance of the funds held in the Accounts in excess of Reserve Amount on the last business day of each full month (commencing in April 2019) to Plaintiff, which funds shall be credited against the amounts due and owing by Defendants to Plaintiff; (3) authorizing the Receiver to modify the Reserve Amount without further order of the Court, but with the consent of the Plaintiff, which consent may not be reasonably withheld; and (4) granting any such other and further relief as the Court deems just and proper.

Dated: March 22, 2019

Respectfully submitted,

By: /s/ Mark A. Silverman
One of the Attorneys for Plaintiff, CIBC Bank USA f/k/a The PrivateBank and Trust Company, as Administrative Agent to all Lenders

Edward S. Weil (ARDC # 6194191)
(eweil@dykema.com)
Melanie J. Chico (ARDC #6294469)
(mchico@dykema.com)
Mark A. Silverman (ARDC # 6307006)
(msilverman@dykema.com)
Molly E. Thompson (ARDC # 6293942)
(mthompson@dykema.com)
DYKEMA GOSSETT PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
Telephone: (312) 876-1700
Facsimile: (312) 876-1155