THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CIBC Bank USA f/k/a The PrivateBank and Trust Company, as Administrative Agent to all Lenders, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 18-cv-3964 |
| v. | ) ) | Judge John Z. Lee |
| JH Portfolio Debt Equities, LLC; JH Portfolio Debt Equities 2, LLC; JH Portfolio Debt Equities 4, LLC; and JH Reviver LLC, | ) ) ) ) | Magistrate Judge Sunil Harjani |
| Defendants. | ) ) | |

**Defendants' Opposition to**
**Plaintiff's Motion for Receiver to Turn Over Excess Funds**

Defendants JH Portfolio Debt Equities, LLC, JH Portfolio Debt Equities 2, LLC, JH Portfolio Debt Equities 4, LLC, and JH Reviver LLC ("JH" or "Defendants") respectfully submit the following opposition to the Motion for Receiver to Turn Over Excess Funds to Plaintiff to be Applied to Reduce the Outstanding Debt filed by plaintiff, CIBC Bank USA ("CIBC") (ECF No. 112, the "Motion").

The Court should deny CIBC's motion because: (i) the Motion is not within the scope of the referral to Magistrate Judge Harjani; (ii) the turnover of Receivership Property to Plaintiff is directly contrary to the Receivership Order and the purpose of a receivership; and (iii) CIBC seeks to collect on a judgment it does not have. By its motion, CIBC seeks to enlist its self-selected Receiver as a paymaster to divert Receivership Property to CIBC and effectively provide the relief of a final judgment and a turnover of Defendants' property without so moving the Court.

### A. Judge Harjani does not have the authority to hear the Motion.

The relief sought by CIBC exceeds the scope of the referral from Judge Lee. The referral is limited to "matters related to *the compensation and expenses of the receivership*." (ECF No. 109 (emphasis added).)[1] CIBC's Motion has nothing to do with the compensation and expenses of the receivership. Instead, CIBC seeks "an order permitting the Receiver to turn over excess funds from the Receiver's account to Plaintiff on a monthly basis to be applied to reduce the outstanding debt owed by Defendants to Plaintiff." (Motion at 1.)

The funds sought by CIBC are unrelated to the compensation and expenses of the receivership. CIBC seeks approximately $4,000,000 of "excess funds" from the Receivership Property. The Motion states that three of the unspecified financial accounts managed by the Receiver as part of the Receivership Property held, as of March 18, 2019, approximately $6,412,676.42. (Motion at ¶ 3.) According to CIBC, the Receiver estimates needing $2,500,000 (the "Reserve Amount") and the receipts of the additional Receivership Property to cover the expenses and compensation related to the Receivership. (*See* Motion at ¶¶ 3-4.) Thus, CIBC is asking this Court to distribute approximately $3,912,676.42 as the "book balance of the Receiver Accounts . . . that are in excess of the Reserve Amount." (*See* Motion at ¶ 4.) CIBC also requests an ongoing order that would allow the Receiver to transfer permanently to CIBC all Receivership Property not needed for the Receiver's operations. (*See id.*)

By the very manner in which they are defined and calculated, the requested funds are in excess of the amounts needed for the "compensation and expenses of the receivership" and, thus,

---

[1] That referral, of those specific *nondispositive*, pretrial matters, provides the magistrate judge authority to "conduct the required proceedings and, when appropriate, issue a written order stating the decision" regarding the referred matter. Fed. R. Civ. P. 72.

2

outside the scope of Judge Lee's referral. Because the amount sought in this motion is beyond the scope of referral, and is, essentially a request for final judgment,[2] CIBC is required to present the Motion to Judge Lee.[3]

### B. The Receiver May Not Divert Receivership Property to Plaintiff.

The Receivership Property must be preserved and maintained by the Receiver pending final judgment. There is no basis for the Receiver to transfer "excess funds" to CIBC. CIBC's Motion is devoid of reference to statute, case law or order of Court. (*See, generally*, Motion.) The "excess funds" are the Receivership Property—*and Defendants' property*—and must be maintained by the Receiver as such pending the final resolution of the lawsuit.

The Receivership Order grants the Receiver the right "[t]o take such action as necessary and appropriate for the *preservation* of Receivership Property." (*See* Stipulated Order for Immediate Appointment of Receiver, § III.D.g (ECF No. 91) (emphasis added).) In contrast to that plain language, CIBC asks this Court to authorize the Receiver to dissipate the Receivership Property for the exclusive benefit of one party to this action. (*See* § III.D.d (The Receiver is authorized to "use Receivership Property" *only* "for the benefit of the Receivership Property.").)

---

[2] CIBC's Motion, which addresses the dispositive issue of the turnover of certain funds at the heart of this matter, could be addressed by the Magistrate Judge *only* upon a 28 U.S.C. §636(b)(1)(B) or (b)(3) referral, or upon a § 636(c) referral with consent of the parties. As the Seventh Circuit has held, "the power to award damages[] belongs in the hands of the district judge." *Alpern v. Lieb*, 38 F.3d 933, 935 (7th Cir. 1994); *Cf. Bowers v. University of Virginia*, 2008 WL 2346033, *3 (W.D. Va. June 6, 2008) ("[i]n general, a matter is nondispositive if it does not resolve the substantive claims for relief alleged in the pleadings.").

[3] As set out *infra*, § C, Judge Lee is familiar with the history of the action and CIBC's statements regarding the implementation of the Receivership. To present the Motion before Judge Harjani, despite months of hearings on the matter before Judge Lee, is an inefficient use of judicial resources.

3

The purpose of a receiver is to preserve that *status quo*, not to alter it for the benefit of a single party to the action, as CIBC seeks to do here. *See Connolly v. Gishwiller*, 162 F.2d 428, 435 (7th Cir.1947). As the Seventh Circuit has held, "the power to appoint a receiver is a drastic, harsh and dangerous one and should be exercised with care and caution. . . . 'the object being *to secure and preserve the property* or thing in controversy *for the benefit of all concerned pending the litigation*, so that it might be subjected to such order or decree as the court might make or render.'" *Id.* (emphasis added; citation omitted).

Unlike the final relief CIBC seeks in the Motion, a receivership is a provisional remedy, not a final disposition on the merits or a collection proceeding. The purpose of a receiver is:

> 'to secure the means for satisfying the final judgment in case the plaintiff should succeed in the action . . .' In other words, the Receiver is appointed to maintain the status quo regarding the property in controversy and to safeguard said property from being dissipated while the plaintiff is pursuing his remedy.

*In re Gourmet Services, Inc.*, 142 B.R. 216, 218-19 (Bankr. S.D. Ohio 1992) (citation omitted) (denying receiver's motion to terminate a lease: "[t]he alteration of the contractual rights of the Property owner and third parties certainly goes beyond simple maintenance and preservation of the Property"); *see also Phillippi v. Jim Phillippi, Inc.*, 2009 WL 1394830, *3 (S.D. Ohio May 18, 2009) (rejecting motion for appointment of receiver sought for a purpose other than "to prevent future harm"). Here, CIBC's request to grant the Receiver leave to permanently distribute the Receivership Property presently *and in the future* would upend the status quo pending final resolution of this matter and would transform the parties' consent to the appointment of the Receiver into a final judgment and turnover order.[4]

---

[4] CIBC states that its Motion—seeking the distribution of the Receivership Property for the benefit of CIBC—is submitted "with the agreement of Ronald F. Greenspan," the Receiver. (*See* Motion at 1.) But the fact that the Receiver agreed to the Motion is not a reason to grant it. Just the opposite. The Receiver's agreement evidences an impermissible bias in favor of the party that

4

### C. Plaintiff Prematurely Seeks a Turnover of Defendants' Property to Collect a Judgment It Does Not Yet Have.

CIBC asks this Court to authorize a turnover of Defendants' property to satisfy a judgment it neither has nor has moved for. CIBC seeks this improper relief through the creation and exploitation of an *ongoing and indefinite* Receivership, despite months ago representing to the Court that the action was coming to a close.

On June 6, 2018, CIBC filed its Complaint. (Complaint (ECF No. 1).) In its Complaint, CIBC pleads one count for breach of contract – alleging breaches of the parties' Second Amended and Restated Credit Agreement dated June 29, 2017 (the "Credit Agreement"). (Complaint at ¶¶ 85-95.) In its Complaint, CIBC seeks "judgment against [Defendants] in the principal amount of at least $172,500,000.00." (*Id.* at p.17.)

On January 17, 2019, counsel for CIBC represented to the Court that the parties sought to resolve this dispute by agreement, that the dispute would be coming to an end "sooner rather than later" and, if not, Plaintiff would seek a money judgment. (Transcript of Proceedings – Motion before the Hon. John Z. Lee, *CIBC Bank USA v. JH Portfolio Debt Equities, LLC, et al.*, Jan. 17, 2019, 3:14 – 3:22, 4:17 – 4:24.)

On February 5, 2018, when appearing before Judge Lee to present the parties' Stipulated Order for Immediate Appointment of Receiver (the "Receivership Order" (entered as ECF No. 82,

---

appointed him. A receiver is intended to act as a fiduciary to all parties to the lawsuit. *Regions Bank v. R & D Dev. Corp.*, 2011 WL 2149086, at *3 (S.D. Ill. May 31, 2011) ("A receiver is an officer of the court and does not owe allegiance to the one who sought his or her appointment, but rather acts as a fiduciary on behalf of both parties."); *see also In re Teknek*, LLC, 343 B.R. 850, 874 ("A receiver is defined to be an indifferent person between the parties, appointed by the court, and on behalf of all parties, and not of the complainant or one defendant only, to receive the thing or property in litigation, pending the suit."). Because this Motion is contrary to the Receivership Order and benefits only CIBC, the Receiver's support of the Motion demonstrates his failure to remain indifferent.

entered with amended exhibit A as ECF No. 91)), counsel for CIBC represented to the Court that the Receiver's initial startup process would "take its course over the course of the next couple, three weeks . . . ." (Transcript of Proceedings – Motion before the Hon. John Z. Lee, *CIBC Bank USA v. JH Portfolio Debt Equities, LLC, et al*., Feb. 5, 2019, 3:3 – 3:7.) If the parties were unable to negotiate a resolution to the case, Plaintiff indicated that, while it was not ready to do so at the time, it would "sort of move for summary judgment probably in the case." (*Id*. at 3:8 – 3:14.) At that time, the Court structured the case schedule around Plaintiff's anticipated motion for summary judgment. (*See id*. at 3:17 – 3:23, 4:25 – 5:4, 5:15 – 5:22.)

The Receivership Order was entered on February 5, 2019. But CIBC still has not sought entry of judgment. Absent a judgment, the Receivership Property must be preserved and maintained by the Receiver pending resolution of the case. (*See In re Teknek*, 343 B.R. at 874.)

Plaintiff filed this action to obtain a money judgment on its sole claim for breach of contract. A receivership is not a judgment or a final disposition of an action – it is an interim remedy. In this action, the only way that CIBC should be allowed to take ownership of the money or property of the Defendants is to obtain a judgment and seek a turnover order in satisfaction or partial satisfaction of such judgment.

Under Federal Rule of Civil Procedure 69, a money judgment "is enforced by a writ of execution, unless the court directs otherwise," and "[t]he procedure on execution … must accord with the procedure of the state where the court is located." Under the Illinois Supplemental Proceedings statute, a *judgment creditor* may request the Court to compel the judgment debtor (or any person other than the judgment debtor) to "deliver up, to be applied in satisfaction of the judgment, in whole or in part, money, choses in action, property or effects in his or her possession

or control, so discovered, capable of delivery and to which his or her title or right of possession is not substantially disputed." ILCS 735 5/2-1402(c)(1) and (3).

Instead of seeking judgment and an appropriate turnover order following judgment, Plaintiff would have the Receiver supplant the province of the Court to make a final disposition of the Defendants' money and property. The Motion inverts the role of the Receiver. Instead of acting to preserve the Receivership Property for the benefit of the parties to the suit, CIBC and the Receiver are working together to obviate the suit for the benefit of one party only.

The Court should not permit this inversion. CIBC should follow the proper procedure in pursuing this lawsuit. To obtain the turnover of the Receivership Property (*i.e.*, Defendants' property), CIBC must first obtain a judgment. CIBC's proposed use of an interim receiver as a means to collect a judgment it does not yet have is improper and will delay the final resolution of this action.

\* \* \*

WHEREFORE, Defendants, JH Portfolio Debt Equities, LLC, JH Portfolio Debt Equities 2, LLC, JH Portfolio Debt Equities 4, LLC, and JH Reviver LLC, request that the Court deny CIBC's Motion for Receiver to Turn Over Excess Funds to Plaintiff to be Applied to Reduce the Outstanding Debt.

Dated: April 8, 2019

Respectfully submitted,

*/s/ Martin Sinclair*
Greg Shinall
Martin V. Sinclair, Jr.
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, IL 60603
(312) 641-3200

*Counsel for the Defendants*
JH Portfolio Debt Equities, LLC;
JH Portfolio Debt Equities 2, LLC;
JH Portfolio Debt Equities 4, LLC; and
JH Reviver LLC

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing **Defendants' Opposition to Plaintiff's Motion for Receiver to Turn Over Excess Funds** was electronically filed via CM / ECF this 8th day of April, 2019, which will send notification of such filing to counsel of record.

                                                    */s/ Martin Sinclair*