```
 1                 IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3
   CIBC BANK USA, formerly known as       ) Docket No. 18 C 3964
 4 The PrivateBank and Trust Company,     )
   as Administrative Agent,               )
 5                                        )
                        Plaintiff,        )
 6                                        )
              vs.                         )
 7                                        )
   JH PORTFOLIO DEBT EQUITIES, LLC,       )
 8 et al.,                                ) Chicago, Illinois
                                          ) March 4, 2020
 9                      Defendants.       ) 9:57 o'clock a.m.

10
                   TRANSCRIPT OF PROCEEDINGS - RULING
11                BEFORE THE HONORABLE JOHN Z. LEE

12
   APPEARANCES:
13

14 For the Plaintiff:        DYKEMA GOSSETT, PLLC
                             BY:  MR. MARK A. SILVERMAN
15                                MR. JONATHAN E. ABERMAN
                             10 South Wacker Drive, Suite 2300
16                           Chicago, Illinois  60606

17
   For the Defendants:       SPERLING & SLATER
18                           BY:  MR. TREVOR K. SCHEETZ
                             55 West Monroe Street, Suite 3200
19                           Chicago, Illinois  60603

20
   Court Reporter:           MR. JOSEPH RICKHOFF
21                           Official Court Reporter
                             219 S. Dearborn St., Suite 2128
22                           Chicago, Illinois  60604
                             (312) 435-5562
23
                   * * * * * * * * * * * * * * * * *
24                      PROCEEDINGS RECORDED BY
                         MECHANICAL STENOGRAPHY
25                   TRANSCRIPT PRODUCED BY COMPUTER
```

1          THE CLERK:  18 CV 3964, CIBC Bank vs. JH Portfolio
2    Debt Equity.
3          MR. ABERMAN:  Good morning, your Honor, Jonathan
4    Aberman on behalf of the plaintiff.
5          MR. SILVERMAN:  Good morning, your Honor, Mark
6    Silverman on behalf of plaintiff.
7          MR. SCHEETZ:  Good morning, Judge, Trevor Scheetz on
8    behalf of the defendants.
9          THE COURT:  Good morning.
10         Thank you for your patience today.  I just thought it
11   would take a bit more time.
12         So, pending before the Court is plaintiff's motion
13   for entry of an order directing turnover of defendants' books
14   and records to plaintiff or its nominee, Greyhound.
15         Have the parties had any further discussions?  If
16   not, I'm just going to go ahead and rule.
17         MR. SCHEETZ:  No further discussions.
18         MR. ABERMAN:  No, your Honor.
19         THE COURT:  So, for the following reasons, I'm
20   granting the motion:
21         Plaintiff contends that because it does not have
22   defendants' books, records -- complete books and records, it
23   has been unable to get a clear picture of the portfolio asset
24   pool that is part of the collateral that plaintiff is entitled
25   to.

1      Plaintiff relatedly contends, among other things,
2 that access to defendants' complete books and records will
3 allow plaintiff to conduct a forensic review to determine if
4 there are additional assets that defendants have not included
5 in the data and information that they have so far provided;
6 that access to the books and records is critical to collecting
7 and maximizing the value of the portfolio assets and to
8 rooting out flaws in the partial dataset that plaintiff has
9 already received; and, that access to the books and records is
10 critical for responding to and resolving consumer inquiries,
11 regulatory investigations and outstanding disputes between the
12 liquidating trust and defendants' former vendors.
13     At bottom, the dispute as to the pending motion comes
14 down to whether plaintiff and/or its nominee is entitled to
15 all of defendants' books and records under the Memorandum of
16 Understanding and the non-portfolio assignment that the sides
17 have executed.  That's non-portfolio assignment the parties
18 have executed.  It is undisputed that per those agreements,
19 plaintiff and/or its nominee is entitled to receive from
20 Defendant the "collateral" as defined in the Receivership
21 Order.  That collateral is defined to "mean and include all of
22 the personal property now owned or any time hereafter acquired
23 by each defendant or in which such defendant now has, or at
24 any time in the future may acquire any right, title, or
25 interest."  That's the Receivership Order at Page 14.

1         The Receivership Order further elaborates that the
2    collateral includes, among other things, all of defendants'
3    accounts, certified securities, chattel paper, commercial tort
4    claims, deposit accounts, documents, electronic chattel paper,
5    equipment, farm products, financial assets, fixtures, general
6    intangibles, goods, healthcare insurance receivables,
7    instruments, intellectual property and inventory, as well as
8    defendants' software and computer programs, and all books and
9    records pertaining to any of the foregoing."  Again, that's
10   the Receivership Order at 14.
11        In interpreting the Receivership Order, the Court
12   notes that Illinois law is clear that the primary goal in
13   contract interpretation is to give effect to the parties'
14   intentions.  Contracts are construed according to their plain
15   and ordinary meaning.  Where the terms of a contract are clear
16   and ambiguous -- I'm sorry.  Where the terms of a contract are
17   clear and unambiguous, we construe the contract according to
18   its literal terms.  That's Mervyn vs. Atlas Van Lines, Inc.,
19   882 F.3d 680 at 684, Seventh Circuit, 2018.
20        The Court concludes that plaintiff and/or its nominee
21   is entitled to all of defendants' books and records.  First,
22   the Receivership Order clearly and expansively states that the
23   collateral includes all of the personal property now owned or
24   at any time hereafter acquired by defendants, and defendants'
25   and books and records are certainly part of their personal

1  property.

2  Moreover, though the Receivership Order proceeds to
3  elaborate on what that personal property includes, that
4  elaboration is not framed exhaustively.  See Toombs vs. City
5  of Champaign, 615 N.E.2d 50 at 52, Illinois Appellate Court,
6  1993, stating that the inclusion of the term "includes" when
7  introducing a list indicates that the list is non-exhaustive.
8  See also Bryan A. Garner, Garner's Modern American Usage at
9  44, Oxford University Press 2003, stating that the word
10 "includes" has traditionally introduced a non-exhaustive list.

11 Regardless, the elaboration also supports that
12 plaintiff and/or its nominee is now entitled to defendants'
13 books and records.  First, the list explicitly includes
14 defendants' documents, which books and records reasonably fall
15 under.  Moreover, while the elaboration states that the
16 collateral encompasses all books and records pertaining to any
17 of the foregoing, the foregoing list touches on so many
18 aspects of defendants' business as to further bolster what is
19 clear from the rest of the Receivership Order:  That the
20 collateral is meant to include all of defendants' books and
21 records.

22 The Court makes a couple of additional observations:
23 First, while defendants argue they may need to access
24 and use their own books and records going forward, the Court
25 agrees with plaintiff that plaintiff's access to or receipt of

1  copies of such records will not deprive defendants of their
2  access or use.
3          Second, while defendants have raised questions in
4  their sur-reply about whether plaintiff has standing to seek a
5  turnover order, the Court is vested with inherent authority to
6  fashion remedies to enforce its orders.  See Degen vs. United
7  States, 517 U.S. 820 at 827, 1996.  By issuing a turnover
8  order, the Court will be enforcing its order of April 24th,
9  2019, that incorporated and approved the Memorandum of
10 Understanding.
11         So, for all of the foregoing reasons, the Court
12 grants plaintiff's motion.  Specifically, defendants must turn
13 over to plaintiff and/or its nominee a copy of the electronic
14 and paper books and records and FTI, who is the receiver's
15 agent, must turn over to plaintiff and/or its nominee the
16 defendants' books and records that FTI has in its possession,
17 access, custody, or control.
18         The Court will enter the proposed order requested by
19 plaintiffs that was included as an exhibit to its motion.
20         So, that's my ruling with regard to the motion for
21 turnover of records.
22         With regard to the motion for lack of subject matter
23 jurisdiction under Rule 12(b)(1), that's still under
24 advisement; but, I should be issuing a ruling as to that very
25 shortly.

1          Okay?

2          MR. SILVERMAN: Thank you, your Honor.

3          THE COURT: So, at this time, is there any reason to
4   set another status date in this case?

5          MR. SILVERMAN: Not at this time. After your Honor
6   rules on the pending motion to dismiss, I suspect that in your
7   ruling there will be a new status date set. But to the extent
8   that there's not, if we need to press forward, we will do so.

9          MR. SCHEETZ: And, Judge, we have a reply on the
10  subject matter jurisdiction motion due Monday. Should we
11  still go ahead and file that?

12         THE COURT: Yes.

13         MR. SCHEETZ: Okay.

14         THE COURT: Go ahead and file that.

15         So, just so that we have something on our calendar,
16  because that's what my clerks like me to do, we'll set this
17  case for further status the week of May 11th.

18         THE CLERK: May 13th at 9:00 o'clock.

19         MR. ABERMAN: Sorry. I'm a little slower on this
20  than others.

21         MR. SILVERMAN: That works for us, Judge.

22         MR. SCHEETZ: I'm just quickly checking, Judge.

23         THE COURT: That's fine. Take your time.

24      (Brief pause.)

25         MR. SCHEETZ: That's fine for us, as well.

1      THE COURT:  Thank you.

2      MR. SCHEETZ:  Thank you, your Honor.

3      MR. ABERMAN:  Thank you, Judge.

4      MR. SILVERMAN:  Thank you for your time.

5           *   *   *   *   *

6

7  I certify that the foregoing is a correct transcript from the
   record of proceedings in the above-entitled matter.
8

9
   /s/ Joseph Rickhoff                        March 4, 2020
10 Official Court Reporter